(159 App. Div. 329.)

### PEOPLE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

1. MUNICIPAL CORPORATIONS (§ 606*)—ORDINANCES—POWER.

Where a steam railroad was by state law chartered to operate upon certain streets of New York City, neither the city of New York, nor any of its departments, could prohibit the use of locomotive engines, and hence the railroad cannot be convicted of a violation of Sanitary Code, § 181, prohibiting any person from discharging dense smoke from any locomotive where the smoke discharged was no more than was necessary to the operation of the railroad.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1339; Dec. Dig. § 606.*]

2. RAILROADS (§ 255*)—SMOKE ORDINANCES—PROSECUTION.

In a prosecution under Sanitary Code of New York City, § 181, prohibiting any person from permitting the discharge of dense smoke from any building, locomotive, etc., evidence that a railroad company owning locomotives had adopted the best method for lighting their fires is admissible, where it had been chartered by state law to operate steam locomotives within the city.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 773–788; Dec. Dig. § 255.*]

Appeal from Court of Special Sessions of City of New York.

The New York Central & Hudson River Railroad Company was convicted of violation of section 181, New York City Sanitary Code, by the emission of dense smoke from its locomotives, and it appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William Mann, of New York City, for appellant.
William E. C. Mayer, of Brooklyn, for respondent.

INGRAHAM, P. J.   It does not appear that the constitutionality of section 181 of the Sanitary Code was challenged in the trial court, but it has been on the argument of the appeal.   We do not deem it necessary to pass upon the constitutionality of the section in deciding this appeal.

The defendant is a domestic corporation authorized to operate a line of railroad in the city of New York and expressly authorized by law to operate its railroad by steam locomotives.   That seems to have been conceded by the plaintiff upon the trial of the action.   The defendant railroad company was organized under chapter 917 of the Laws of 1869.   The various acts originally incorporating the railroad companies which were consolidated in the defendant corporation are referred to in the opinions in the case of N. Y. Central & H. R. R. Co. v. City of New York, 142 App. Div. 578, 127 N. Y. Supp. 513, affirmed 202 N. Y. 224, 95 N. E. 638.   The result of these various acts was to confer upon the defendant a franchise to operate a steam railroad on certain streets in the city of New York; the motive power being steam locomotives.   The state has thus by its superior power authorized the defendant to use steam locomotives within the city of New York for

the purpose of operating the franchise granted to it. In the case above cited, the question was whether the city of New York had power to require a railroad company to remove certain of its tracks in certain avenues in the city of New York; the claim of the plaintiff in that case being that the right to occupy the streets was derived from the state and the Legislature and that such right had never been taken away and could only be taken away by the power that granted it, i. e., the state itself. The court stated its conclusion as follows:

"The question upon which this litigation turns is whether the plaintiff can lawfully be put off the streets by the city of New York. The act of the Legislature which permitted the Hudson River Railroad Company to go there 65 years ago, and which the Legislature has seen fit to leave in full force and effect ever since, compels us to answer that question in the negative." 202 N. Y. 224, 95 N. E. 638.

The defendant thus operating its road under legislative authority maintained in the city of New York a roundhouse which was used for the purpose of storing its locomotives used in operating its railroad. That roundhouse had been in existence for many years.

[1] Some time before September, 1912, a Sanitary Code had been passed by the board of health, and, by section 1172 of the Charter (Laws 1901, c. 466), the Sanitary Code that was in force in the city of New York on the 1st of January, 1902, was declared to be binding and in full force except as it may from time to time be revised, altered, amended, or annulled as therein provided; and authority was given to the board of health to add to it and to alter, amend, or annul any part of the said Sanitary Code and to publish additional provisions for the securing of life and health in the city of New York. In September, 1912, section 181 of the Sanitary Code then in force provided as follows:

"No person shall cause, suffer or allow dense smoke to be discharged from any building, vessel, stationary or locomotive engine or motor vehicle, place or premises within the city of New York, or upon the waters adjacent thereto, within the jurisdiction of said city."

The record does not show that this section of the Sanitary Code was introduced in evidence on the trial before the Court of Special Sessions, but no point is made of this by the defendant. Nor does it appear that this provision of the Sanitary Code was in force at the time of the adoption of the Charter, or whether it was afterwards passed by virtue of the powers therein conferred upon the board of health. In September and October, 1912, smoke issued from this roundhouse because by the lighting of fires in these locomotive engines, and this proceeding was commenced against the defendant by the issuing of a summons by a city magistrate requiring the defendant to attend and answer for a violation of this section of the Sanitary Code. The examination before the magistrate resulted in the holding of the defendant for trial. The trial came on before the Court of Special Sessions, where the defendant was convicted, and from the judgment entered thereon the defendant appeals.

The defendant operating this franchise under the express authority of the state which authorized it to use within the city of New York locomotive engines propelled by steam, there was granted to the de-

fendant all incidental powers and authority to effectively operate the franchise granted so far as it was necessary to generate steam in its locomotive engines.

It is quite clear that neither the city of New York nor any of its department had power to compel the defendant to cease operating its railroad trains through these streets in the city of New York or prohibit the use of locomotive engines in the operation of its road or the exercise of its franchise, and, if so, no city ordinance or regulation could be passed by any department of the city government which would so restrict the use by the defendant of its locomotives as to substantially prevent the free exercise of the authority granted by the Legislature. The Sanitary Code provides that:

"No person shall cause, suffer or allow dense smoke to be discharged from any building * * * locomotive engine or motor vehicle, place or premises * * * within the jurisdiction of said city."

[2] Assuming that the city authorities had power to regulate the use of locomotive engines within the the city of New York, that power to regulate could not extend so as to unreasonably interfere with or make impossible the use of such locomotive engines by the defendant. Steam cannot be generated on a locomotive engine without the application of heat in some form. At the time of the passage of the various acts under which the defendant is authorized to use steam locomotives upon its road within the city, the use either of wood or coal upon the locomotive engine was the method of generating steam. It is clear that the ignition of this fuel is always accompanied by more or less smoke, and in a prosecution under this ordinance it was competent for the defendant to show by competent testimony that the best method for lighting the fires was that adopted by the defendant, although it necessarily was accompanied by a certain amount of smoke, and that the method actually adopted by the defendant caused as little smoke as was possible to obtain the desired result. Upon the trial the defendant offered to show that it was impossible to operate its trains except by having the roundhouse located as the defendant's roundhouse was located; that at the time the fires were being built they caused the smoke complained of; and that the railroad could not be operated without causing smoke. All this testimony was objected to by the plaintiff, the objection was sustained, and the defendant excepted. It was then proved that the method of kindling fires used by defendant had been adopted in consequence of the orders of the Public Service Commission of this state; that there is no other method of kindling a fire which would cause less smoke · and that a fire cannot be started in an engine without causing some smoke. The defendant also offered to show that the method adopted in kindling these fires produced less smoke than was produced in other roundhouses where other methods were adopted. None of this testimony was denied, but the court seems to take it as a matter of confession that the defendant had been causing smoke and on this testimony found the defendant guilty.

The testimony for the prosecution was confined to showing that smoke came from this roundhouse and these locomotive engines. There was no evidence to show that there was an excess of smoke

over that necessary for the operation of the locomotive engines and no evidence to show that by any other method than that adopted by the defendant could a fire be started in a locomotive engine which would produce less smoke than that produced by the locomotive engines of the defendant.

The court not only erred in excluding the evidence to which reference has been made, but also in convicting defendant on the evidence received.

My conclusion, therefore, is that the judgment should be reversed and fine remitted.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur. SCOTT, J., concurs in result.